IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| United States of America, | : | Case No. 1:21-cr-73 |
| Plaintiff, | : | Judge Susan J. Dlott |
| v. | : | **ENDS OF JUSTICE ORDER** |
| Ramon Hernandez, et al., | : | |
| Defendants. | : | |

The Court held a status conference in this matter on July 6, 2022. During the conference, the parties advised the Court that they are actively engaged in plea negotiations and require additional time to attempt to resolve this case prior to trial.

The Speedy Trial Act mandates that, in a case in which a defendant enters a not guilty plea, trial "shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1). Pursuant to 18 U.S.C. § 3161(h)(7)(A), a court may grant a continuance that is excludable from the speedy trial clock if the court finds that "the ends of justice served by . . . [continuing the trial] outweigh the best interests of the public and the defendant in a speedy trial." A court is to consider a number of factors in "determining whether to grant [such] a continuance," including, but not limited to: (a) "[w]hether the failure to grant such a continuance . . . would . . . result in a miscarriage of justice;" and (b) "[w]hether the failure to grant such a continuance . . . would deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(i), (iv). A court may exclude a plea negotiation period from the Speedy Trial Act

calculation pursuant to 18 U.S.C. § 3161(h)(7) if the court concludes that the ends of justice served by granting the continuance outweigh the best interest of the public and the defendant in a speedy trial. *United States v. White*, 920 F.3d 1109 (6th Cir. 2019).

The Court is satisfied all counsel are exercising due diligence in this matter. However, the parties require additional time to pursue a potential pretrial resolution of this case. Therefore, the Court finds that, pursuant to 18 U.S.C. § 3161(h)(7)(B)(i) and (iv), the ends of justice served by granting a continuance outweigh the best interest of the public and Defendants to a speedy trial.

The Sixth Circuit has stressed that there is only one speedy trial clock in multi-defendant prosecutions in which severance has not been granted. *United States v. Culpepper*, 898 F.2d 65, 66 (6th Cir. 1990); *see also United States v. Snelling*, 961 F.2d 93, 95 (6th Cir. 1991) (applying one speedy trial clock to all defendants). Thus, the continuance hereby granted is applicable to all Defendants in this matter.

Accordingly, the Court **SETS** this matter for a telephone status conference on **August 17, 2022 at 10:00 a.m.** The days from July 6, 2022 to August 17, 2022 shall be excluded from the speedy trial calculation.

**IT IS SO ORDERED.**

							_Susan J. Dlott_
							Judge Susan J. Dlott
							United States District Court